**NOR EXHIBIT 1**

ELECTRONICALLY FILED - 2025 Oct 13 9:20 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2102744

| | |
|---|---|
| **STATE OF SOUTH CAROLINA**<br>**COUNTY OF FLORENCE** | **IN THE COURT OF COMMON PLEAS**<br>**TWELFTH JUDICIAL CIRCUIT** |
| LUCINDA ANDERSON AND IRESS LAFETTE DEAN, A MARRIED COUPLE, AND FRUGAL SOCIALITE, LLC<br><br>PLAINTIFFS,<br><br>vs.<br><br>WALMART, INCORPORATED, A DELAWARE CORPORATION.<br><br>DEFENDANT. | **SUMMONS**<br><br>CASE NO.: 2025-CP-21-___________<br><br>JURY TRIAL REQUESTED |

**TO: DEFENDANT WALMART, INCORPORATED AND ITS ATTORNEY(S):**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint of the Plaintiffs in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, Hinnant Medical and Law Offices, LLC, 112 Essex Drive, Anderson, South Carolina 29621, within thirty (30) days from the date of such service hereof, exclusive of the date of such service; and if you fail to answer the said Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint.

**HINNANT MEDICAL & LAW OFFICES, LLC**

s/ C. William Hinnant, MD JD FCLM

______________________________________

C. William Hinnant, Jr. MD JD FCLM
S.C. Bar No.: 69476
112 Essex Drive
Anderson, SC 29621
864.226.6132, Fax: 864.226.2320

Anderson, South Carolina
October 13, 2025

**NOR EXHIBIT 1**

ELECTRONICALLY FILED - 2025 Oct 13 9:20 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2102744

| | |
|---|---|
| **STATE OF SOUTH CAROLINA**<br>**COUNTY OF FLORENCE** | **IN THE COURT OF COMMON PLEAS**<br>**TWELFTH JUDICIAL CIRCUIT** |
| LUCINDA ANDERSON AND IRESS LAFETTE DEAN, A MARRIED COUPLE, AND FRUGAL SOCIALITE, LLC<br><br>PLAINTIFFS,<br>vs.<br><br>WALMART, INCORPORATED, A DELAWARE CORPORATION<br><br>DEFENDANT. | **COMPLAINT**<br><br>CASE NO.: 2025-CP-21-___________ |

**TO: DEFENDANT WALMART, INCORPORATED AND ITS ATTORNEY(S):**

**COME NOW** Lucinda Anderson and Iress Lafette Dean, a married couple, by undersigned counsel complaining of the Defendant as pled. They would show by information and belief as follows:

**PARTIES**

1. That Plaintiffs Lucinda Anderson and Iress Lafette Dean are and were at all times herein relevant, married citizens and residents of the State of Maryland, County of Charles, who on December 2, 2022, were traveling through the State of South Carolina, County of Florence, making a stop at a local Walmart retail store.

2. That Frugal Socialite, LLC, is a Maryland Limited Liability Company organized and existing under the Laws of the State of Maryland with Plaintiff Lucinda Anderson, its sole member, organizer and an employee.

3. That Defendant Walmart, Incorporated ("Walmart") is a multinational Delaware corporation and the world's largest retailer, operating domestically throughout the United States, in foreign jurisdictions and specifically in Florence County, South Carolina.

ELECTRONICALLY FILED - 2025 Oct 13 9:20 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2102744

4. That Walmart is responsible for the reckless and/or negligent acts and/or omissions of its agents and employees through the common law doctrines of respondeat superior and non-delegable duty.

5. That Walmart is authorized to do business in South Carolina through its Secretary of State with its Registered Agent for Service of Process being **CT Corporation System at 2 Office Park Court, Suite 103, Columbia, SC 29223.**

## JURISDICTION AND VENUE

6. That this court has jurisdiction over the parties and subject matter of this litigation pursuant to S.C. Code § 15-78-100(b) and South Carolina Common Law.

7. That venue herein is proper in Florence County, as the acts and omissions alleged herein occurred there and the Defendant operated and resided in, actively solicited in, did business in, and had significant contacts within the corporate boundaries of said County in the State of South Carolina.

## FACTUAL BACKGROUND

8. That Frugal Socialite, LLC ("Frugal Socialite"), is a business entity focusing on event planning and execution in the Greater Washington, DC-Baltimore metropolitan area.

9. That since mid 2022, Plaintiff Lucinda Anderson as the principal of Frugal Socialite additionally held a franchise from Sign Greeters, LLC ("Sign Greeters"), including Baltimore, MD, the District of Columbia and the Northern Virginia DC suburbs, its largest singularly held franchisee territory.

10. That Sign Greeters, LLC, specializes in yard signage generally for event promotion and advertising, the event itself planned, organized and executed by Frugal Socialite.

**NOR EXHIBIT 1**

ELECTRONICALLY FILED - 2025 Oct 13 9:20 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2102744

11. That on December 2, 2022, after attending a trade show in Orlando, Florida, and purchasing equipment for the benefit of Frugal Socialite, Plaintiffs were traveling and transporting same through Florence County stopping there to do business at a local Walmart retail store at 230 North Beltline Drive, Florence, SC 29501.

12. That during Plaintiffs' visit to the Florence Walmart, while Plaintiff Lucinda Anderson was shopping, a stock clerk, recklessly and seriously disregarding the safety of customers while pulling a loaded pallet jack in her aisle, pulled the jack and its contents to strike Plaintiff Lucinda Anderson's left ankle and foot, causing her to twist and strain her lumbosacral area and causing immediate pain in contusing her lower left ankle and foot.

13. That concomitantly Plaintiff Lucinda Anderson suffered a twisting back strain injury to her contorted low back in the lumbosacral region when she was struck by the loaded pallet jack.

14. That the involved Walmart employee was recklessly distracted, kidding around and joking with other Walmart staff at the time of the injury, profusely apologizing to Plaintiff Lucinda Anderson following his recklessness and gross oversight in judgment, personally witnessing her being injured.

15. That such recklessness is more than carelessness and represents an extreme departure from reasonable care and a danger to individuals such as Plaintiff Lucinda Anderson and those similarly situated as Walmart shoppers.

16. That as a direct and proximate result of said recklessness and injury, Plaintiff Lucinda Anderson required treatment by healthcare providers at substantial cost and now has developed a chronic complex regional pain syndrome, certain functional symptoms and activity limitations which will require ongoing treatment.

17. That as a direct and proximate result of said injury Plaintiff Lucinda Anderson and Frugal Socialite experienced substantial wage loss and opportunity costs to these Plaintiffs' mutual detriment,

**NOR EXHIBIT 1**

ELECTRONICALLY FILED - 2025 Oct 13 9:20 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2102744

nonetheless, contractually bound to make certain business-related payments including, but not limited to franchise fees to Sign Greeters and installment payments for certain company property and services despite being unable to work under order from her treating physicians.

18. That as such and likewise, Plaintiffs have accrued substantial debt as a direct and proximate result of the Walmart incident as pled, *supra,* which otherwise would not have been accrued.

19. That Plaintiff Lucinda Anderson has undergone a permanent disability evaluation by her treating orthopedist and has been rated under the AMA Guides to Permanent Impairment, 5th Edition, as having a whole person impairment of 17% as a direct and proximate result of her injury as pled.

20. That as a result of her permanent whole person disability as opined by Dr. Byrne, Plaintiff Lucinda Anderson, will continue to be limited in her ability to work, in her ability to earn over her lifetime, in her ability to live comfortably, and will suffer ongoing medical expenses including chronic pain management.

21. That additionally, Plaintiff Iress Lafette Dean, as a result of the facts as pled , *supra*, and as the spouse of Plaintiff Lucinda Anderson, has suffered loss of "aid, society and services" cumulatively within the meaning of S.C. Code § 15-75-20, as a direct and proximate result of her injury, same including but not limited to lost counsel, emotional support, household services, care, and comfort.

**FOR A FIRST CAUSE OF ACTION AS TO PLAINTIFF LUCINDA ANDERSON: GROSS NEGLIGENCE**

That Plaintiffs hereby incorporate all of the foregoing paragraphs as pled in their entirety by reference as to this individual claim.

22. That Plaintiffs were business invitees of Walmart on the date of Plaintiff Lucinda Anderson's injury, there during business hours to conduct business for Walmart's benefit and thereby owed the highest legal duty of care, including a responsibility to maintain a safe environment, prevent foreseeable and avoidable injuries and to warn of dangerous conditions.

ELECTRONICALLY FILED - 2025 Oct 13 9:20 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2102744

23. That Walmart breached said duty in its employee, while moving a loaded pallet jack, associating humorously with other employees, by recklessly and grossly negligently striking Plaintiff Lucinda Anderson, seriously injuring her back, left foot and ankle.

24. That said injury was the proximate cause and cause in fact of Plaintiff Lucinda Anderson's initial acute medical care followed by chronic restorative care, later resulting in a chronic regional pain syndrome, requiring now chronic ongoing medical care and treatment along with ongoing pain and suffering.

25. That said injury was the proximate cause and cause in fact of Plaintiff Lucinda Anderson's damages as pled and additional lost wages, lost opportunity costs, ongoing lost income, losses related to contractually obligated work-related payments, loss of her Sign Greeters' franchise rights and permanent impairment adversely impacting her ability to properly, comfortably and profitably do future work.

26. That Plaintiff Lucinda Anderson's injury occurred as a proximate result of a conscious disregard for her safety and that of those similarly situated, particularly in light of the involved Walmart employee's casually and recklessly associating with other employees at the time he struck Plaintiff Lucinda Anderson with the pallet jack, even more so in light of the customer traffic seen on a daily basis at Walmart stores including the Florence, SC location at issue.

**FOR A SECOND CAUSE OF ACTION AS TO PLAINTIFF
IRESS LAFETTE DEAN: LOSS OF CONSORTIUM (S.C. Code § 15-75-20)**

That Plaintiffs hereby incorporate all of the foregoing paragraphs as pled in their entirety by reference as to this individual claim.

27 That pursuant to S.C. common law and the statutory cite as pled, *supra*, Plaintiff Lucinda Anderson's husband, Iress Lafette Dean, to whom she was married at the time of her injury as pled,

NOR EXHIBIT 1

ELECTRONICALLY FILED - 2025 Oct 13 9:20 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2102744

has suffered damages arising from the tortious violation of the right to the companionship, aid, society and services of his spouse.

28. That same occurred as a direct and proximate result of the gross negligence and recklessness of Defendant Walmart.

29. That Plaintiff Iress Lafette Dean has not otherwise been compensated as a direct nor proximate result of his wife's injury.

30. That Plaintiff Iress Lafette Dean therefore has standing under S.C. Law to bring a loss of consortium claim, instantly doing so against the Defendant as pled.

**WHEREFORE**, Plaintiffs Lucinda Anderson and Iress Lafette Dean pray as follows:

A. For a jury trial and judgment against Defendant Walmart for Gross Negligence commensurate with the actual and future pecuniary and non-pecuniary damages sustained by Plaintiff Lucinda Anderson including her lost wages, present, future and permanent impairment;

B. For a jury trial and judgment against Defendant Walmart commensurate with the pecuniary and non-pecuniary damages sustained by Plaintiff Iress Lafette Dean as a result of his Loss of Consortium proximately resulting from his wife's grossly negligent, reckless and completely avoidable injuries (and resulting damages) as pled, a proximate result of Walmart's conscious disregard for the health and safety of Plaintiff Lucinda Anderson and that of those similarly situated;

C. For punitive damages in light of Walmart's reckless and conscious disregard of reasonable care and for the safety of Plaintiff Lucinda Anderson and others similarly situated, so as to deter and punish such inattentiveness and disregard for customer safety, particularly when using what amounts to a dangerous instrumentality in the form of a loaded pallet jack;

**NOR EXHIBIT 1**

ELECTRONICALLY FILED - 2025 Oct 13 9:20 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2102744

D. For Defendant Walmart to be taxed the Plaintiffs' reasonable attorney fees and all costs associated with this action as these Plaintiffs bear no blame and are forced to file this action based upon no fault of their own; and

E. For such other and further relief as the Court and jury find just, appropriate and properly compensating to these Plaintiffs for all their losses and in the interest of justice, punishment and deterrence.

Respectfully Submitted

**HINNANT LAW OFFICES, LLC**

C. William Hinnant, Jr., MD JD FCLM
Attorney at Law – S.C. Bar No. 69476
112 Essex Drive
Anderson, SC 29621
864.226.6132, Fax: 864.226.2320
Counsel for Plaintiffs

October 13, 2025
Anderson, SC